**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

v.

**STATE OF ARIZONA, DEPARTMENT OF ADMINISTRATION,** Defendant.

**No. CIV 91–0328 PHX RCB.**

United States District Court, D. Arizona.

Sept. 17, 1991.

---

Richard R. Trujillo, Mary Jo O'Neill, Ellen Sue Katz, E.E.O.C., Phoenix, AZ, for plaintiff.

Marigene Dessaint, Burch & Cracchiolo, Phoenix, AZ, for defendant.

## ORDER

BROOMFIELD, District Judge.

Defendant State of Arizona, Department of Administration moved to dismiss plaintiff's complaint on six grounds: 1) the Eleventh Amendment bars this claim; 2) prior to filing suit, plaintiff failed to properly conciliate all issues raised in the lawsuit as required by the Age Discrimination in Employment Act ("ADEA"); 3) the statute of limitations has run; 4) plaintiff has failed to state a claim upon which relief can be granted; 5) plaintiff has failed to allege sufficient facts to support the allegation of failure to maintain records; and 6) plaintiff has failed to allege sufficient facts to support the allegation of willfulness.

Defendant asks, in the alternative, for an order requiring the plaintiff to provided a more definite statement of portions of the complaint, specifically, concerning of the allegations of failure to maintain records, willfulness and tolling of the statute of limitations. Additionally, in Defendant's Reply, defendant asks for a more definite statement of dates of alleged violations and when any tolling occurred.

The court heard oral argument on September 3, 1991, and now rules.

## I. FACTS

The action arises from a dispute between plaintiff Equal Employment Opportunity Commission ("EEOC") and defendant State of Arizona, Department of Administration ("the State") over advertisements and re-

cruitment and hiring practices, which EEOC claims discriminated against individuals age 40 or older in violation of ADEA. 29 U.S.C. § 623. (1986). The EEOC also charges that the State failed to maintain records required by EEOC regulations.

The EEOC claims the State's advertisements were published from November 1, 1987 until the present. These ads require applicants to have graduated from college within approximately one year of the date of the job announcement. Plaintiff claims these ads deterred persons age 40 and older from applying at the State. Plaintiff claims that at least one individual, Timothy McQuitty, applied for a position, although he had graduated from college prior to the time limitation in the job announcement. Plaintiff claims Mr. McQuitty was not interviewed or selected because of his age.

Plaintiff seeks to enjoin the State from engaging in any employment practice which discriminates on the basis of age, an order requiring the State to maintain records as required by ADEA and EEOC regulations, an order requiring the State to implement equal employment opportunities, back wages to affected individuals (including Timothy McQuitty), equitable relief (including rightful-place hiring and/or front pay), and an award of costs to the EEOC.

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Standard

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) raises the issue of the failure of the pleading to state a claim upon which relief can be granted. In considering this motion, the court liberally construes the complaint and views it in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974). The issue is not whether plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims. *Id.* A court should not dismiss a complaint for failure to state a claim unless plaintiff can prove no set of facts in support of its claim that entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80, 84–85 (1957). Thus, a court will not dismiss the complaint merely because the plaintiff's allegations do not support the particular legal theory it advances, as the court is under a duty to examine the complaint to determine if the allegations provide a basis for relief under any possible theory. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686, 40 L.Ed.2d at 96. Finally, Fed.R.Civ.P. 8 requires simply a short and plain statement of the claim, rather than specific facts detailing every allegation.

#### 2. Analysis

##### a. Eleventh Amendment

Defendant contends that the Eleventh Amendment bars this action because the Department of Administration is part of the State and the State of Arizona has not waived its Eleventh Amendment immunity with respect to the ADEA. Defendant cites *Black v. Goodman*, 736 F.Supp. 1042 (D.Mont.1990), where the court found the ADEA was enacted under the Commerce Clause and therefore did not abrogate the states' Eleventh Amendment immunity. Without citing authority, defendant further claims that because the EEOC is acting entirely on behalf of individuals, it should not be considered a lawsuit to obtain relief for the federal government but a suit brought by individuals and the Eleventh Amendment bar should apply.

Plaintiff in its complaint specifies that the EEOC is an agency of the United States, charged with the administration, interpretation and enforcement of the ADEA and is empowered to bring this action under Section 7(b) of the ADEA, 29 U.S.C. § 626(b). Complaint at 3. Plaintiff also points out that the defendant is considered to be an employer within the meaning of Sections 11(b) and (f) of the ADEA, 29 U.S.C. § 630(b) and (f). Complaint at 3.

■ The EEOC is responsible for protecting and enforcing individual rights and, therefore, the court cannot agree with defendant's argument that the EEOC be considered a "citizen" for purposes of this suit. This interpretation violates the intent of the statute. *See EEOC v. Gilbarco, Inc.* 615 F.2d 985, 987–988 (4th Cir.1980) (The court

found that the ADEA authorizes the Secretary of Labor, now the EEOC, to sue on behalf of individuals, whether they are named or not).

Therefore, defendant's cited authority is inapplicable in this case. In *Black,* an individual brought suit, rather than a federal agency, as in this case. *Black,* 736 F.Supp. at 1043. (Black, a former Montana State University program officer, sued for compensatory damages for allegedly wrongful termination.) Further, the court did not discuss the 1974 Amendment to ADEA, which specifies the state acting as employer is answerable to suits under ADEA. *Id.;* 29 U.S.C. § 630(b) (1974).

■ The Ninth Circuit has found no difference between a minimum retirement age and maximum hiring age and, therefore, states or political subdivisions are not immune from suits brought alleging violations under the act. *EEOC v. County of Los Angeles,* 526 F.Supp. 1135 (C.D.Cal.1981), *aff'd* 706 F.2d 1039 (9th Cir.1983), *cert. denied* 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984) (The Ninth Circuit relied on United States Supreme Court decision in *EEOC v. Wyoming,* 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), where the Court found the state violated the ADEA by using a minimum retirement age). Thus, this court finds that the State is not immune from ADEA liability under the Eleventh Amendment when acting as an employer.

### b. Conciliation

Section 7 of the ADEA requires the EEOC to attempt conciliation prior to instituting a lawsuit. 29 U.S.C. § 626(b) (1970). Defendant claims that although conciliation attempts were made, they only concerned two positions, Administrative Intern and Transportation Engineering Associate. Defendant's Motion to Dismiss at 3. Plaintiff denies these allegations, but offers no elaboration on the attempts at conciliation. Plaintiff's Reply at 7 n. 2.

■ Conciliation attempts should be viewed on a case by case basis. *Marshall v. Sun Oil Co.,* 605 F.2d 1331 (5th Cir.1979). However, when the allegation charges large scale discrimination, as here, it does not require proof of conciliation on each individual case of discrimination. *Id.* Furthermore, the sufficiency of the conciliation should be evaluated in terms of one party's efforts with an eye to the other party's response. *Id.* To properly evaluate the adequacy of the conciliation attempts, this court must first look to what the EEOC did originally, including whether it met with the State, revealed the results of their investigation, informed the State of the law and requested voluntary compliance. The court must then review the State's responses and EEOC's reply to the action or inaction of the State. *See Id.*

Here, the defendants admit that the EEOC did meet with them and discuss violations in regard to at least two positions. There appears to be a dispute over the State's response. *See* Defendant's Motion to Dismiss at 3, Plaintiff's Response at 7, and Defendant's Reply in Support of Motion to Dismiss at 4.

In *Marshall v. Baltimore and Ohio Railroad,* 461 F.Supp. 362, 369–370 (D.Md.1978), the court found that conciliation need not be exhaustive. The purpose of conciliation is to allow the employer the opportunity to discuss the individual circumstances surrounding the alleged violation. *Id.* The complaint in the *Baltimore and Ohio Railroad* case only referred to the conciliation attempts generally. *Id.* Later, the court learned that no attempted conciliation had occurred for two years prior to the *Baltimore and Ohio Railroad* suit. *Id.* But, conciliation resumed during the *Baltimore and Ohio Railroad* lawsuit and the court found it should be included in the examination of sufficiency of conciliation. *Id.* Therefore, certain aspects of the case will not fail for general allegations of conciliation in the complaint and the attempts should be viewed broadly.

■ However, a stricter measure is required where back pay awards are requested. *See Marshall v. American Motors Corp.,* 475 F.Supp. 875, 878 (D.Mich.1979). Generalized conciliation is acceptable for prospective relief, but there must be evidence of conciliation on the merits of the individual case to award back pay. *Id.* Plaintiffs are asking for both kinds of relief in this case.

Complaint at 4, 5. However, any awards regarding back pay will require further evidence to meet the stricter conciliation test.

Whether the conciliation was deemed adequate or not, the district court in *Marshall v. Baltimore and Ohio Railroad* found it still had the discretion to retain the case while ordering further attempts at conciliation, if deemed necessary under ADEA. *Baltimore and Ohio Railroad,* 461 F.Supp. at 362. Dismissal, on the other hand, was viewed as too harsh a remedy. *Id.* Any conciliation attempts ordered by the court or attempted during the suit were sufficient to make up any deficiency. *Id.*

In light of this authority, defendant's request to dismiss is denied at this time. Both parties are urged to consider renewing conciliation. After discovery, defendant is free to raise this issue again if conciliation continues to appear deficient, according to these standards.

### c. Statute of Limitations

The defendant claims that this suit is precluded by the expiration of the ADEA statute of limitations. The statute of limitations requires that the employee or EEOC file suit within two years after the employee learns of the discrimination or three years if there is a willful violation of the Act on the part of the employer. 29 U.S.C. § 626(e).

The statute of limitations is also tolled during conciliation. 29 U.S.C. § 626(e)(2) (1978). The plaintiff does not specify the period during which conciliation was attempted. The defendant claims that the only conciliation occurred between September 7, 1990 and February 26, 1991. Plaintiff disputes this, but offers no alternative time period.

The complaint was filed February 28, 1991, and included allegations that defendant's conduct was willful. Presently, the court has no basis to conclude that there was a lack of willful behavior. Using the conciliation period offered by the defendant, there would be a five and one-half month tolling period. The complaint's allegations begin on November 1, 1987, and, thus, fall within the limitations period. Therefore, dismissal of the complaint based on the statute of limitations is unwarranted at this time. However, defendant is not precluded from pursuing this defense.

### d. Failure to State a Claim

■ Defendant claims that the ADEA does not contain a provision relating to recruitment of individuals and therefore plaintiff's claim alleging that defendant failed to recruit persons who are age 40 and over should be dismissed.

The ADEA spells out criteria for job advertisements and employment referrals. 29 U.S.C. § 623(e). Advertising job openings and seeking referrals for positions are parts of the recruitment process. Therefore, the topic of recruitment is covered under ADEA. Interpreting plaintiff's complaint broadly, defendant has failed to establish that plaintiff could prove no set of facts in support of its claim that the State has discriminated in recruitment practices. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84–85. Therefore, the motion to dismiss for failure to state a claim is denied.

### e. Failure to Maintain Records

■ Defendant alleges that plaintiff's claim that defendant has failed to maintain records as required by Section 7(a) of the ADEA is conclusory and vague and, therefore, should be dismissed. Defendant's supporting authority, *Jackson v. Nelson,* 405 F.2d 872 (9th Cir.1968), is a case where the pleading was so vague that the court was unable to determine who the defendants were. Such is not the case here. Given the liberal standard for a motion to dismiss, plaintiff's complaint is sufficient in this regard and defendant's motion is denied. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686, 40 L.Ed.2d at 96.

### f. Willfulness

■ Defendant alleges that the allegation of "willfulness," a necessary element for the entitlement of the three year statute of limitations and for an award of back pay, requires further supporting facts. Defendant cites *Trans World Airlines Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). However, this case dis-

cusses the proper standard of proof of willfulness for a summary judgment determination, not a motion to dismiss the complaint. Properly, willfulness is a question of fact, raising questions of defendant's state of mind, knowledge, intent and belief. *EEOC·v. Westinghouse Elec. Corp.*, 725 F.2d 211 (3rd Cir.1983). For purposes of the complaint, the plaintiff need only aver generally. Fed. R.Civ.P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Therefore, plaintiff's claim of "willfulness" is sufficient for pleading purposes.

### B. Motion for More Definite Statement

Alternatively, defendant has requested a more definite statement of the claim of failure to maintain records, support of the allegation of willfulness and specific time periods to support any tolling period. Plaintiff's complaint is sufficient under the requirements of Rule 8. Fed.R.Civ.P. 8. Defendant may secure this desired information through discovery.

IT IS ORDERED denying defendant's motion to dismiss. (Doc. No. 5–1) and, in the alternative, defendant's motion for more definite statement. (Doc. No. 5–2).