**Noel C. CARR, Plaintiff,**

v.

**ARMSTRONG AIR CONDITIONING, INC., et al., Defendants.**

**No. 3:92CV7411.**

United States District Court, N.D. Ohio, W.D.

Feb. 8, 1993.

---

John Lancione, Cleveland, OH, for plaintiff.

Thomas Tarpy, Columbus, OH, for defendants.

## MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

This action is before the Court on plaintiff's motion to dismiss defendant Armstrong's counterclaim and/or for summary judgment, defendants' opposition, and plaintiff's reply. Also before the Court is defendants' motion to dismiss plaintiff's state law claims, plaintiff's opposition, and defendants' reply.

Plaintiff seeks to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, to grant summary judgment in their favor pursuant to Rule 56. Plaintiff's motion attaches a copy of the severance agreement. If materials outside the pleadings have been offered to accompany a motion to dismiss, the Court has two options. The court may either exclude the additional material and decide the matter based upon the complaint alone, or it may treat the motion to dismiss as a motion for summary judgment. See *Cincinnati Ins. Co. v. Hertz Corp.,* 776 F.Supp. 1235 (S.D.Ohio 1991). The Court will treat the motion as one for summary judgment because matters outside the pleadings have been presented to the Court. See *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986) (per curiam).

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242, 251–52], 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* [475 U.S. 574, 586–89], 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 993, 8 L.Ed.2d 176] (1962)).

*Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

 The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 324–325, 106 S.Ct. at 2553. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that

there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." ... Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

Plaintiff was employed with Armstrong Air Conditioning for approximately twenty-nine years. On December 19, 1990, plaintiff executed a severance agreement in which he received various benefits in exchange for being terminated. Plaintiff now alleges he was wrongfully discharged based upon age discrimination. Defendants deny plaintiff's allegations and filed a counterclaim based upon the severance agreement.

Plaintiff asserts that the counterclaim is based upon an invalid and unenforceable severance contract with defendant. According to plaintiff, the severance contract is in violation of the Age Discrimination in Employment Act (ADEA) and of the Older Workers Benefit Protection Act (OWBPA) in the following four ways: (1) it failed to specifically refer to rights or claims arising under the OWBPA; (2) plaintiff was never advised in writing to consult with an attorney prior to executing the agreement; (3) it failed to provide plaintiff with at least twenty-one days to consider it; and (4) it failed to allow seven days for revocation.

 In order to ascertain whether plaintiff waived his ADEA claim, the court must determine whether any such waiver was "knowing and voluntary." OWBPA became effective October 16, 1990 as an amendment to the ADEA. Section 626(f), 29 U.S.C., captioned "Waiver" states in pertinent part:

(1) An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary. Except

as provided in paragraph (2), a waiver may not be considered knowing and voluntary unless at a minimum—

(A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;

(B) the waiver specifically refers to rights or claims arising under this chapter;

(C) the individual does not waive rights or claims that may arise after the date the waiver is executed;

(D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;

(E) the individual is advised in writing to consult with an attorney prior to executing the agreement;

(F)(i) the individual is given a period of at least 21 days within which to consider the agreement; ....

(G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired;

....

(3) In any dispute that may arise over whether any of the requirements, conditions, and circumstances set forth in [the above subparagraphs] have been met, the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary pursuant to (1) or (2).

The Court finds that plaintiff did not waive any rights he may have under ADEA since the severance agreement is in violation of OWBPA. In particular, this Court finds that as a matter of law the waiver was not "knowing and voluntary" as defined by the OWBPA for the following reasons: (1) the severance agreement fails to specifically refer to any rights or claims arising under the OWBPA in violation of § 626(f)(1)(B); (2) plaintiff was never advised in writing to consult with an attorney prior to signing the agreement, although plaintiff admits to consulting with an attorney regarding the severance agreement, in violation of § 626(f)(1)(E); (3) plaintiff was given only five days to consider the agreement instead of the required twenty-one days in violation of § 626(f)(1)(F)(i); and (4) plaintiff was not given seven days to revoke the agreement in violation of § 626(f)(1)(G). *Collins v. Outboard Marine Corp.*, 808 F.Supp. 590, 59 Fair Empl.Prac.Cas. 1403 (N.D.Ill.1992); *Oberg v. Allied Van Lines, Inc.*, 1992 WL 211506, 1992 U.S.Dist. LEXIS 11208 (N.D.Ill., 1992).

Defendants next argue that if the waiver does not comply with OWBPA, Armstrong is still entitled to reimbursement of the consideration it paid for the waiver, under the tender-ratification theory. Defendants' argument is based upon *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217 (5th Cir.1991), and *O'Shea v. Commercial Credit Corp.*, 930 F.2d 358 (4th Cir.1991).

*Hogue v. Southern Ry. Co.*, 390 U.S. 516, 517, 88 S.Ct. 1150, 1151, 20 L.Ed.2d 73 (1968), involved a suit under the Federal Employer's Liability Act (FELA). In *Hogue* the Supreme Court held that "[t]he question whether a tender back of the consideration was a prerequisite to the bringing of the suit is to be determined by federal rather than state law."

The Sixth Circuit has yet to rule on the issue of whether a tender requirement exists before one can proceed with a lawsuit under ADEA, i.e., whether the plaintiff has ratified the release by retaining the benefits received. The Fourth and Fifth Circuits have looked at the issue and have concluded that a tender requirement does exist. See *Grillet*, 927 F.2d 217; *O'Shea*, 930 F.2d 358. However, in *Forbus v. Sears, Roebuck & Co.*, 958 F.2d 1036 (11th Cir.1992), the Eleventh Circuit decided that a tender requirement does not exist. Using the rationale of *Hogue* by analogy, the *Forbus* court concluded, "ADEA plaintiffs are not required to tender the consideration received for releases as a condition prerequisite to challenging those

releases in court, and that the [plaintiffs'] retention of their severance benefits during the pendency of this lawsuit does not constitute ratification of those releases." *Id.* at 1041. See also, *Isaacs v. Caterpillar, Inc.*, 765 F.Supp. 1359 (C.D.Ill.1991).

■ This Court finds that a tender requirement is not consistent with ADEA since it would deter meritorious challenges to releases in ADEA claims. Therefore, plaintiff is not required to tender benefits back to defendants before he can proceed with a lawsuit under ADEA, and his retention of severance benefits during the pendency of this suit does not constitute ratification of the release. Nevertheless, any benefits paid by defendants shall be set off from any damage award received by plaintiff. See *Hogue*, 390 U.S. at 518, 88 S.Ct. at 1152; *Forbus*, 958 F.2d at 1041; *Oberg v. Allied Van Lines, Inc.*, 1992 WL 211506, 1992 U.S.Dist. LEXIS 11208 (N.D.Ill.1992).

The Court now turns its attention to defendants' motion to dismiss plaintiff's state law claims pursuant to Fed.R.Civ.P. 12(b)(6) or 56. Again, the Court will construe the motion to dismiss as one for summary judgment pursuant to Rule 56 since defendants have attached an affidavit and other documents.

■ Defendants contend that plaintiff's state law claims must be dismissed because he signed a valid waiver. A valid release is an absolute bar to a later action on any claim encompassed within the release, unless the release was obtained by fraud.[1] *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 552 N.E.2d 207 (1990). "In determining the validity of a waiver with regard to the state law claims the court applies the laws of the State of Ohio." *Massi v. Blue Cross & Blue Shield Mut.*, 765 F.Supp. 904, 909 (N.D.Ohio 1991).

■ Plaintiff now contends that he was induced to sign the severance agreement *through fraud. In particular, plaintiff alleges* that he signed the severance agreement under economic duress. The Supreme Court of

Ohio has set forth a standard for determining economic duress:

> A person who claims to have been a victim of economic duress must show that he or she was subjected to '. . . a wrongful or unlawful act or threat, . . .' and that it '. . . deprive[d] the victim of his unfettered will.' Further, '. . . [m]erely taking advantage of another's financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion.' The Restatement of Law 2d, Contracts . . . also requires that the one who coerces the victim be the other party to the agreement: 'If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim.'

*Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246, 551 N.E.2d 1249 (1990) (citations omitted).

According to plaintiff's affidavit, plaintiff was unexpectedly informed that he was being terminated. Plaintiff was then shown a severance agreement and asked to sign it that day. Plaintiff also was informed that if he did not sign the agreement, he would be terminated with no severance pay. Plaintiff was in the process of building a house and was therefore concerned about his economic future. Lastly, plaintiff alleges that he felt "disturbed, confused, devastated and dumbfounded," due to the unexpected termination.

■ Whether particular facts are sufficient to constitute duress is a matter of law for the court to decide. However, the question of whether the facts alleged actually exist is a matter for the fact finder. *Massi*, 765 F.Supp. at 910, citing *Anselmo v. Manufacturers Life Ins. Co.*, 771 F.2d 417, 419–20 (8th Cir.1985). The plaintiff in the case *sub judice* has stated a viable claim of economic duress if the trier of fact believes the facts as alleged by plaintiff. Since there are genuine issues of material fact, summary judgment is inappropriate.

---

**1.** A release of liability based upon fraud is either void or voidable depending upon the nature of the fraud alleged. A release obtained by fraud in factum is void *ab initio*, while a release obtained by fraud in the inducement is merely voidable upon proof of fraud. *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 552 N.E.2d 207 (1990).

It should be noted that if the trier of fact finds that economic duress exists, plaintiff, under Ohio law, would have to first tender back to defendant the consideration given in order to maintain his state law actions. See *Haller*, 50 Ohio St.3d at 15, 552 N.E.2d 207; *Harchick v. Baio*, 62 Ohio App.3d 176, 574 N.E.2d 1160 (1989). Plaintiff has neither done nor alleged to have done this. Consequently, plaintiff is faced with two alternatives: he may tender back to defendant the consideration given and file an amended complaint alleging the fact of such tender or he may dismiss his state law claims.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiff's motion for summary judgment on the counterclaim be, and hereby is, GRANTED, and it is

FURTHER ORDERED that defendants' motion for summary judgment be, and hereby is, DENIED; and it is

FURTHER ORDERED that plaintiff is granted thirty days to file an amended complaint.