**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**SEARS, ROEBUCK AND COMPANY,**
Defendant.

No. 93 C 7132.

United States District Court,
N.D. Illinois,
Eastern Division.

March 24, 1995.

Sharon Ann Seeley, John C. Hendrickson, Laura Todd Johnson, U.S. E.E.O.C., and Gregory M. Gochanour, E.E.O.C., Chicago, IL, for plaintiff.

Donald James Spero, Michael A. Stiegel, Paul Ely Starkman, and Vito P. LoVerde, Arnstein & Lehr, Chicago, IL, for defendant.

Thomas William Osborne, American Ass'n of Retired Persons, Washington, DC, for amicus.

## MODIFIED MEMORANDUM AND OPINION ORDER

PLUNKETT, District Judge.

This matter arises from allegations that Sears Roebuck and Company's ("Sears") "Big Ticket Severance Allowance Plan" ("the Plan") offered to certain sales employees violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. The Equal Employment Opportunity Commission ("EEOC") brought this action against Sears asserting that the Plan violated section 4(a) of the ADEA, 29 U.S.C. § 621. Sears now seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons discussed herein, the motion is granted and this matter is dismissed with prejudice.

---

**1.** This Court previously dismissed the EEOC's claim under section 4(d) with prejudice. *See, E.E.O.C. v. Sears, Roebuck and Co.,* 857 F.Supp. 1233, 1238 (N.D.Ill.1994). The EEOC nonetheless included claims in its amended complaint under section 4(d). The EEOC then withdrew its section 4(d) claims in its memorandum in opposition. Therefore, the Court does not address the EEOC's section 4(d) claims again here.

## Background [2]

The Defendant Sears is one of the nation's largest retailers. In 1992, Sears restructured its compensation agreement for employees selling Big Ticket sales items. Big Ticket sales items are expensive items carried by Sears such as refrigerators and other large appliances. The new arrangement was expected to reduce the rate of pay for some of the employees involved.

Sears anticipated that some of the employees would elect to resign from the company, rather than remain under the new compensation arrangement. Therefore, Sears offered all Big Ticket sales employees the opportunity to participate in its "Big Ticket Severance Allowance Plan" ("the Plan"). Employees had five days to decide whether to remain employed at Sears under the new commission arrangement or resign. Employees who decided to resign were also offered up to twenty-six weeks of pay (depending on the length of their service), if they also executed a general waiver. (Pl.'s Ex. A.) They were given forty-five days to accept the additional benefits and sign the waiver. (Pl.'s Ex. A.)

Conciliatory efforts by the EEOC proved unsuccessful. (Ex. C.) The EEOC brought this suit against Sears under section 4(a) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* on behalf of all sales employees aged forty and older who were offered the plan. In its amended complaint the EEOC identifies only one employee, Mr. Mann who declined to leave Sears and continued his employment as a Big Ticket sales employee.

## Discussion

■ In considering a motion to dismiss, the Court is required to accept all well pleaded facts as true, along with reasonable inferences therefrom, and view these in the light most favorable to the plaintiff. *420 East Ohio Ltd. Partnership v. Cocose,* 980 F.2d 1122, 1124 (7th Cir.1992). The plaintiff need not set out in detail the facts upon which a claim is based, but it must allege sufficient facts to outline the cause of action. *Doe v.*

**2.** The facts in this section were drawn from the memorandum submitted by the parties because the EEOC's amended complaint is factually defi-

*St. Joseph's Hosp.,* 788 F.2d 411 (7th Cir. 1986). Moreover, a complaint must set forth an actual case or controversy because jurisdiction of federal courts extends only to adjudicating actual cases or controversies. *EEOC v. City Colleges of Chicago,* 740 F.Supp. 508, 511–12 (N.D.Ill.1990), *aff'd* 944 F.2d 339 (7th Cir.1991). Without an injury, there is no actual case or controversy. *City Colleges of Chicago,* 740 F.Supp. at 511–12. The Court has reviewed the amended complaint, and considered the written memorandum and oral argument of the parties, and concludes that the EEOC has failed to state a claim under the ADEA.

■ The issue before the Court is whether the EEOC has properly alleged an action under section 4(a) of the ADEA, 29 U.S.C. § 623(a), based on allegations that Sears' plan discriminated against protected employees. Section 4(a) renders it unlawful for an employer:

(1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age....

29 U.S.C. § 623(a). The gravamen of a section 4(a) claim is that an employer treat employees of the protected class less favorably than unprotected employees. *Monaco v. Fuddruckers, Inc.,* 1 F.3d 658, 660 (7th Cir.1993). An employer may not discriminate against any individual who is age 40 or older, because of the employee's age. *Kralman v. Illinois Dep't of Veterans' Affairs,* 23 F.3d 150, 152 (7th Cir.1994). Additionally, an employee may have an action under the ADEA if he suffered a materially adverse change in the terms or conditions of his employment because of his age. *Monaco v.*

cient. The Court includes the facts from the memorandum to assist the reader.

*Fuddruckers, Inc.,* 1 F.3d 658, 660 (7th Cir. 1993).

▮ Although this circuit does not follow a bright-line test for pleading an ADEA claim, the common theme which runs through all ADEA cases is the presence of facts to infer that the employer treated an older employee less favorably, than a younger employee, because of his age. *Kralman,* 23 F.3d at 155. Employment discrimination requires allegations that the protected employee was treated more harshly, than younger employees, or that the terms of the older employee's employment changed because of his age. *Henn v. National Geographic Soc'y,* 819 F.2d 824, 828 (7th Cir.1987); *Shannon v. Potter Distilleries, Inc.,* 678 F.Supp. 239, 241–42 (D. Or.1987). An employment discrimination action under the ADEA requires evidence that an employee has been adversely affected.[3] *City Colleges of Chicago,* 740 F.Supp. at 511–12. With these standards in mind, the Court turns to the claims presented by the EEOC.

The EEOC maintains that this suit is brought on behalf of all sales employees offered Sears' Big Ticket plan. The employees however do not all possess the same interests. In this regard, the Court has divided the employees into three groups: (A) employees who decided to stay employed at Sears ("Group A"); (B) employees who left Sears employment, but decided not to sign a waiver within the forty-five days allotted and therefore, did not receive additional benefits, ("Group B"); and (C) employees who left Sears employment, signed a waiver, and received the additional severance benefits offered by Sears, ("Group C"). In its complaint, the EEOC has identified only one employee, Mr. Mann, a Group A employee. The EEOC fails to identify a single Group B

or Group C employee, who claims to have been discriminated against.

▮ Employees in Group A, like Mr. Mann, who remained employed at Sears have not suffered an adverse employment action— they have no injury. An action under the ADEA requires an employee to suffer adverse employment condition because of his age, yet employees in Group A have retained their employment. Moreover, the EEOC omits any facts to suggest that Mr. Mann suffered any adverse treatment after he decided to continue his employment at Sears. The Court finds that the EEOC does not allege any facts to support an inference that Group A employees were adversely affected by Sears' plan. Therefore, as to the Group A employees like Mr. Mann, no cause of action exists for discrimination under the ADEA.

▮ Employees in Groups B and C however may have a colorable claim of discrimination under the ADEA. The EEOC fails to identify a single Group B or Group C employee however. Therefore, this issue is not properly before this Court, as the EEOC lacks standing.[4] Accordingly, Sears' motion to dismiss is granted on this basis.

▮ The Court turns next to the EEOC's contention that a claim exists for disparate impact under the ADEA. Even assuming *arguendo* that the EEOC was able to overcome the deficiencies noted above, the disparate impact claim must fail nonetheless. To date neither the Supreme Court, nor the Seventh Circuit has extended the disparate impact theory to ADEA claims. *Hazen Paper Co. v. Biggins,* 507 U.S. ——, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); *EEOC v. Francis W. Parker School,* 41 F.3d 1073 (7th Cir.1994). Moreover, there is strong dicta from both courts against creating ADEA claims based on a disparate impact theory.

3. As this Court discussed in its prior decision, declaratory judgment actions are not available here under the ADEA. *See Cavanaugh v. Texas Instruments, Inc.,* 440 F.Supp. 1124 (D.C.Tex. 1977); *EEOC v. City Colleges of Chicago,* 740 F.Supp. at 511–12.

4. During oral argument the EEOC attacked Sears imposition of the Big Ticket Plan as an attempt to weed out older employees. While this allegation may also be a viable claim for discrimination, it also requires facts to infer that a

protected employee has been adversely effected. The EEOC does not include facts to support such a claim. Additionally, to the extent that the EEOC relied on the district court decision in *Dibiase v. SmithKline Beecham, Corp.,* 847 F.Supp. 341 (E.D.Pa.1994), to support its contention, the argument is moot in light of the Third Circuit's reversal of the lower court's decision. *DiBiase v. SmithKline Beecham Corp.,* 48 F.3d 719 (3rd Cir.1995).

*Hazen Paper,* 507 U.S. ——, 113 S.Ct. 1701 (Supreme Court passed on the question of whether the disparate impact theory would apply to ADEA claims); *Francis Parker,* 41 F.3d 1073 (Seventh Circuit held that the disparate impact theory would not apply to the facts presented, and unlikely to apply to any future case). Accordingly, this Court is not now going to extend the disparate impact theory to the case at hand.

 The EEOC asserts next that a violation of the Older Workers Benefit Protection Act ("OWBPA") alone, may serve as the basis of an ADEA claim. Section 626(f) governs whether an employee's waiver of ADEA rights qualifies as a knowing and voluntary waiver. *Oberg v. Allied Van Lines, Inc.,* 11 F.3d 679 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2104, 128 L.Ed.2d 665 (1994). Section 626(f) sets forth a litany of minimum standards in order for such a waiver to be knowing and voluntary. Neither section 626(f), nor any other section of the ADEA, however suggests that Congress intended to create a separate cause of action. 29 U.S.C. § 626(f). On the other hand, section 616(f) does state that the affect of an invalid release, one which was not executed knowingly and voluntarily, is to bar the employer from relying on the release as a defense. 29 U.S.C. § 616(f). The fact that Congress could have created a separate cause of action, but chose not to, precludes this Court from reading one into the statute now. Accordingly, to the extent the EEOC is attempting to create a cause of action based solely on an OWBPA violation, 29 U.S.C. § 626(f), the Court concludes that such a claim must be dismissed as a matter of law.

Sears also sought dismissal of this action on the basis that the EEOC's claims are time barred under section 7(e), 29 U.S.C. § 626(e). Sears does not challenge the timeliness of the original complaint however and therefore, as to the original complaint, there is no statutory bar issue. Additionally, in connection with Sear's first motion to dismiss, the parties agreed and the Court ordered that all statute of limitations were to be tolled. (Minute Order, February 23, 1994.) Accord-

ingly, to the extent that plaintiff's current section 4(a) claim could have been timely filed in the original complaint, the claim must now be considered timely. Furthermore, this Court dismissed the EEOC's claim under section 4(d) in the original complaint with leave to amend its complaint to include a section 4(a) claim.[5] The Court is not going to now hold that the amendment is untimely. Therefore, Sears' request to dismiss on this basis is denied.

### Conclusion

For the reasons discussed herein, the defendant Sears' motion to dismiss the plaintiff EEOC's Amended Complaint is granted. This matter is dismissed with prejudice.

---

5. Moreover, Sears never sought this Court to reconsider its ruling granting the EEOC leave to amend it complaint or reconsider its ruling tolling the statute of limitations.