**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**SARA LEE CORPORATION, Defendant.**

No. 1:95–CV–339.

United States District Court,
W.D. Michigan.

Nov. 13, 1995.

Adele Rapport, Equal Employment Opportunity Commission, Detroit District Office, Detroit, MI, for plaintiff.

Joseph J. Vogan, David E. Khorey, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

The Equal Employment Opportunity Commission (the "EEOC") brings this action against Sara Lee Corporation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (the "ADEA"). The EEOC alleges that on or about April 23, 1993, defendant terminated the employment of four

quality control inspectors—Connie Lord, Louanne Mehrhof, Rick Siladke, and Sally Zoulek—because of their age. In response to the complaint, defendant filed the instant motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the Court will grant the motion in part and deny it in part.

## I.

In reviewing defendant's request for dismissal, the Court must accept as true the material allegations in plaintiff's complaint. *Summit Health Ltd. v. Pinhas,* 500 U.S. 322, 325, 111 S.Ct. 1842, 1845, 114 L.Ed.2d 366 (1991). The Court must construe the complaint in the light most favorable to plaintiff. However, the Court is not required to accept as true plaintiff's legal conclusions or any unwarranted factual inferences. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

## II.

Defendant first asserts that the four employees executed waivers releasing defendant from liability. The EEOC may bring an action in federal court to enforce the ADEA. 29 U.S.C. § 626(b). However, when an individual is not entitled to relief, the EEOC may not obtain relief on the individual's behalf. *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1291 (7th Cir.1993) (individual relief, such as back pay, liquidated damages, reinstatement, barred; injunctive relief not barred); *EEOC v. McLean Trucking Co.,* 525 F.2d 1007, 1010–11 (6th Cir.1975) (same); *EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1542–43 (9th Cir.1987) (same).

The ADEA provides that "[a]n individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1). The Act further provides that "a waiver may not be considered knowing and voluntary unless at a minimum" it meets certain enumerated requirements. *Id.*

Plaintiff argues that the waivers are not valid, since they do not include the provisions required for waivers "requested in connection with an ... employment termination program offered to a group or class of employees." *Id.* Defendant contends that the waivers were not requested in connection with an "employment termination program" and that therefore they are valid.

Defendant terminated the four quality control inspectors and internally transferred a fifth employee as part of a reduction in force in their department. Thus, in reorganizing and restructuring the department defendant eliminated five of ten quality control inspector positions. There is no indication that defendant fired the four employees because of individual poor work performance. Moreover, the waivers were part of a standardized package of benefits offered in a program targeted at a group of employees. Based upon these facts, the Court finds that defendant discharged the employees as part of a group termination program. *Burch v. Fluor Corp.,* 867 F.Supp. 873, 876–77 (E.D.Mo. 1994).

The waivers did not meet the statutory requirements for knowing and voluntary waivers as defined by the ADEA. 29 U.S.C. § 626(f). Therefore, as a matter of law they were not knowing and voluntary under the ADEA. *Id.; Oberg v. Allied Van Lines,* 11 F.3d 679, 680 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2104, 128 L.Ed.2d 665 (1994); *Burch,* 867 F.Supp. at 878; *Soliman v. Digital Equipment Corp.,* 869 F.Supp. 65,

69 (D.Mass.1994); *Carr v. Armstrong Air Conditioning, Inc.*, 817 F.Supp. 54, 57 (N.D.Ohio 1993).

Defendant argues in the alternative that even if the waivers were not valid, the employees ratified the waivers by retaining severance benefits, relying upon *Wamsley v. Champlin Ref. and Chems., Inc.*, 11 F.3d 534 (5th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 1403, 131 L.Ed.2d 290 (1995). The Sixth Circuit has not addressed this issue.

The Court does not find *Wamsley* persuasive. Instead, the Court finds persuasive and chooses to follow the Seventh Circuit's analysis and conclusion:

> Under OWBPA [the Older Worker Benefits Protection Act, 29 U.S.C. § 626(f) ], unless a waiver contract takes the form required by the statute, an employer and an employee cannot contract to waive the ADEA provisions.... No matter how many times parties may try to ratify such a contract, the language of the OWBPA, "[a]n individual may not waive", forbids any waiver. *See* 29 U.S.C. § 626(f)(1). Therefore, we hold, as a matter of law, that Plaintiffs cannot ratify their Severance Agreements by retaining the consideration they received from Allied.

*Oberg*, 11 F.3d at 683; *see also Soliman*, 869 F.Supp. at 69; *Blistein v. St. John's College*, 860 F.Supp. 256, 262 (D.Md.1994); *Carr*, 817 F.Supp. at 58. The Court finds that the employees did not ratify the waivers by accepting and retaining the benefits.

The employees are not required to tender back the benefits. Instead, if plaintiff prevails the jury must determine what portion of benefits, if any, should be deducted from any damages award on behalf of the individual employees. *Soliman*, 869 F.Supp. at 70; *Carr*, 817 F.Supp. at 58. Therefore, the Court rejects defendant's request for dismissal based upon the waivers contained in the employees' severance agreements.

### III.

Defendant next argues that the EEOC's claims on behalf of the individuals fail because the employees did not comply with statutory administrative charging prerequisites. Before filing a civil action under the ADEA, an individual must file a Charge of Discrimination with the EEOC. *Howlett v. Holiday Inns*, 49 F.3d 189, 194 (6th Cir. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 379, 133 L.Ed.2d 302 (1995) (citing 29 U.S.C. § 626(d)). Michigan has "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." *Id.* (quoting 29 U.S.C. § 633(b)). Since Michigan is a "deferral state" under this definition, the individual must file the EEOC charge within 300 days of the discriminatory act, must commence proceedings under state law before filing a civil action under the ADEA, and may not file the ADEA suit until at least sixty days after the commencement of state proceedings or earlier if the proceedings are terminated before the end of the sixty-day period. *Id.* (citing 29 U.S.C. § 626(d)(2), 633(b)).

The allegedly discriminatory act occurred on or about April 23, 1993. Plaintiff has demonstrated that employee Connie Lord filed a claim with the state agency on or about October 29, 1993, and thereby commenced state proceedings. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066, 2070, 60 L.Ed.2d 609 (1979). In November 1993, the state agency terminated the charge, finding that it was not timely under the state requirements, and the state agency transferred the charge to the EEOC. Thus, within 300 days of the allegedly discriminatory act, the charge was filed with the EEOC. Lord satisfied the requirement that she file a state administrative claim even though the state agency concluded that the claim was untimely under state law. *Evans*, 441 U.S. at 753, 99 S.Ct. at 2070. The Court finds that Lord satisfied the statutory prerequisites for an action under the ADEA.

The "single filing" or "piggyback" rule "allows the administrative charge of one plaintiff to satisfy the charge filing obligations of other plaintiffs." *Howlett*, 49 F.3d at 194. "[A] charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their poten-

tial liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed." *Id.* at 195.

■ This case involves four employees from a department of ten employees. The alleged violations are identical and arose at the same time as part of a single reduction in force. The Court finds that Lord's charge included sufficient information to notify defendant of its potential liability regarding all four employees and to permit the EEOC to engage in conciliation of all four claims. Therefore, the Court finds that Lord's compliance with the charging requirements satisfies the requirements as to the other three employees.

## IV.

■ Defendant next asserts that the statute of limitations bars this action. The ADEA contains the following limitations period:

If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

29 U.S.C. § 626(e). Contrary to defendant's assertion, this provision, contained in the Civil Rights Act of 1991, eliminated the former statute of limitations. *Littell v. Aid Ass'n for Lutherans,* 62 F.3d 257, 259 (8th Cir.1995).

■ The Court finds persuasive the analysis of *Wilkerson v. Martin Marietta Corp.,* 875 F.Supp. 1456, 1459–60 (D.Colo.1995), and for the reasons stated in that opinion concludes that "there is no applicable statute of limitations in age discrimination claims brought by the EEOC," because "Congress intended there be no statute of limitations where the EEOC files suit under the ADEA." *Id.* Therefore, the Court rejects defendant's statute of limitations argument.

## V.

■ Defendant next contends that the EEOC cannot seek a permanent injunction enjoining defendant from utilizing waivers that do not comply with the requirements for knowing and voluntary waivers under the ADEA, 29 U.S.C. § 626(f). However, a failure to meet the requirements does not constitute a separate cause of action and is not a violation of the ADEA. *EEOC v. Sears, Roebuck & Co.,* 883 F.Supp. 211, 215 (N.D.Ill. 1995). Instead, as discussed above, a waiver that does not comply with the requirements is not valid and an employer may not rely upon the waiver as a defense. *See also Id.*

Plaintiff cannot maintain a claim based upon failure to follow the requirements nor can it seek an injunction to enjoin future use of non-complying waivers. However, if defendant uses such waivers, the waivers will not provide any defense to actions under the ADEA.

## VI.

■ Defendant finally argues that the Court should dismiss this action, contending that the EEOC failed to comply with the ADEA's "conciliation" requirement:

Before instituting any action under this section, the Equal Employment Opportunity Commission shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(b).

■ Under the ADEA, the EEOC "must initially use exhaustive, affirmative action to attempt to achieve conciliation before legal action is begun." *Brennan v. Ace Hardware Corp.,* 495 F.2d 368, 375 (8th Cir.1974). To satisfy this requirement, the EEOC must (1) clearly inform the defendant of the nature and extent of the violations, (2) explain the relief sought, and (3) allow the defendant the opportunity to respond. *EEOC v. Johnson & Higgins,* 887 F.Supp. 682, 689 (S.D.N.Y. 1995); *Brennan,* 495 F.2d at 375–76; *Marshall v. American Motors Corporation,* 475 F.Supp. 875, 878 (E.D.Mich.1979).

In addition, if the EEOC seeks back pay, the EEOC must demonstrate that it discussed the merits of the individual cases with the employer:

> If the Secretary seeks only prospective relief, then a period of conciliation dedicated to generalized discriminatory practices would be adequate. In such a case the concern is with establishing non-discriminatory practices and guidelines to be applied to all employees in the future. However, if it seeks retrospective relief, such as back pay, then it follows that there must be some discussion of the merits of individual cases.

*American Motors Corporation,* 475 F.Supp. at 878; *EEOC v. Dept. of Admin.,* 824 F.Supp. 898, 901 (D.Ariz.1991) ("Generalized conciliation is acceptable for prospective relief, but there must be evidence of conciliation on the merits of the individual case to award back pay.")

Plaintiff has shown that it informed defendant of the nature and extent of the violations, explained the relief sought, and allowed the defendant the opportunity to respond. However, although it seeks back pay for the four employees, plaintiff has not submitted proof that it has discussed the merits of the individual cases with defendant.

The Court declines to dismiss or stay the action. *Dept. of Admin.,* 824 F.Supp. at 902. Instead, to maintain the claim for back pay, plaintiff must resume conciliation by discussing the merits of the cases with defendant. *Id.* At the close of discovery, defendant may raise this issue again if warranted. *Id.*

### VII.

For the forgoing reasons, the Court finds that defendant discharged the employees as part of an employment termination program and that the waivers contained in the severance agreements did not meet the statutory requirements for knowing and voluntary waivers. The Court therefore concludes, as a matter of law, that the waivers were not knowing and voluntary under the ADEA.

The Court further finds that the employees did not ratify the waivers by accepting and retaining the benefits and that the employees are not required to tender back the benefits. Instead, if plaintiff prevails the jury must determine what portion of the benefits, if any, should be deducted from any damages award on behalf of the individual employees.

The Court next finds that employee Connie Lord complied with the statutory charging requirements and that Lord's compliance satisfies the requirements as to the other employees. The Court further finds that no statute of limitations governs age discrimination claims brought by the EEOC and that therefore defendant's statute of limitations argument fails.

The Court next finds that plaintiff may not bring a claim based upon a failure to use waivers that comply with the ADEA's requirements nor may it seek an injunction to prohibit defendant from employing non-complying waivers in the future. However, all such waivers will be invalid and will not provide defendant with a defense to future ADEA actions.

Although plaintiff seeks back pay on behalf of the employees, plaintiff has not submitted proof that it has discussed the merits of the individual cases with defendant. Therefore, plaintiff has not satisfied its conciliation requirement as to the back pay claim. To maintain this claim, plaintiff must resume conciliation by discussing with defendant the merits of the individual employees' cases. At the close of discovery, defendant may raise this issue again if warranted.