In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 06-8002

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Plaintiff-Appellee,*

*v.*

SIDLEY AUSTIN LLP,

*Defendant-Appellant.*

_____

Application for Leave to Appeal
from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 05 C 0208—**James B. Zagel**, *Judge.*

_____

SUBMITTED FEBRUARY 7, 2006—DECIDED FEBRUARY 17, 2006

_____

Before POSNER, EASTERBROOK, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* In 1999, Sidley & Austin (as it then was) demoted 32 of its equity partners to "counsel" or "senior counsel." The EEOC began an investigation to determine whether the demotions might have violated the Age Discrimination in Employment Act. After we upheld the district court's rebuff of Sidley's effort to derail the investigation, *EEOC v. Sidley Austin Brown & Wood,* 315 F.3d 696 (7th Cir. 2002), the Commission filed an ADEA suit against Sidley. Sidley asks us to entertain, as recom-

mended by the district judge, an interlocutory appeal from the judge's denial of Sidley's motion for partial summary judgment. The appeal would require us to decide whether the judge was correct to rule that the EEOC may obtain monetary relief on behalf of individuals who, having failed to file timely administrative charges under the ADEA, are barred from bringing their own suits. The question satisfies the criteria in 28 U.S.C. § 1292(b) for an interlocutory appeal and since it has been fully briefed we can proceed to answer it.

The identical question received the opposite answer in *EEOC v. North Gibson School Corp.*, 266 F.3d 607 (7th Cir. 2001), but that decision is no longer good law. It was scuttled by the Supreme Court in *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), which held that the EEOC's claim for monetary relief for a victim of an alleged violation of the Americans with Disabilities Act was not barred by the fact that the victim had agreed to arbitrate any disputes arising out of his employment. The reason there was no bar was not that the arbitration clause was unenforceable but that the Commission was not bound by it because its enforcement authority is not derivative of the legal rights of individuals even when it is seeking to make them whole. Similarly, the Commission is not bound by the failure of the Sidley ex-partners to exhaust their remedies; the *Commission* had no duty to exhaust.

Sidley seeks to distinguish *Waffle House* from the present case on the basis of the following sentence in the Court's opinion: "It is true, as respondent and its *amici* have argued, that Baker's conduct [Baker was the victim of the alleged violation of the ADA] may have the effect of limiting the relief that the EEOC may obtain in court." 534 U.S. at 296. But the remainder of the paragraph makes clear that the

Court was talking about something quite different from a procedural forfeiture. "If, for example, [Baker] had failed to mitigate his damages, or had accepted a monetary settlement, any recovery by the EEOC would be limited accordingly. As we have noted, it 'goes without saying that the courts can and should preclude double recovery by an individual.' " *Id*. at 296-97 (citations omitted). Similarly, had Baker sued and lost, the employer might have been able to interpose the judgment as a bar to the EEOC's obtaining money for Baker, by virtue of the doctrine of collateral estoppel. *EEOC v. U.S. Steel Corp.*, 921 F.2d 489 (3d Cir. 1990). Even though (this is the doctrinal heart of *Waffle House*) the EEOC is not in privity with the victims for whom it seeks relief, it does not follow that they must be permitted to take two bites from the same apple.

For all we know, some of the ex-partners may have received settlements from Sidley and others may have failed to mitigate their damages. Suppose all have received settlements that have fully compensated them for the alleged violations of the age discrimination law. Then the EEOC could obtain no monetary relief on their behalf. But this was not the basis for Sidley's motion for partial summary judgment. The basis was a ground that *Waffle House* rejects, as we and other courts have already recognized in related contexts. *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005); *EEOC v. Board of Regents*, 288 F.3d 296, 300 (7th Cir. 2002); *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1292-94 (11th Cir. 2004), and cases cited there.

AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*