**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-30251
Consolidated With
No. 08-30479

NATIONALIST MOVEMENT

Plaintiff - Appellant

v.

TOWN OF JENA; MURPHY MCMILLIN, individually and as Mayor of the
Town of Jena

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-2168

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Nationalist Movement argues that Defendant-Appellee Town of Jena ("Jena") violated its members' First, Second, and Fourteenth Amendment rights by requiring it to comply with a town ordinance and permit application in order to hold a protest parade. The parties negotiated a consent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment, which the district court issued along with a statement explaining the consent judgment. Nationalist Movement now alleges error in the district court's explanation of the consent judgment and the denial of its two motions for reconsideration, motion for leave to file affidavits, and motion to extend its attorney's *pro hac vice* admission. For the following reasons, we affirm.

I

Nationalist Movement sought to hold an event called "Jena Justice Day" at the La Salle Parish Courthouse in Jena, Louisiana, on January 21, 2008. This event was planned to include a two-mile parade to protest the "Jena Six," a group of black teenagers awaiting trial for the beating of a white teenager. Nationalist Movement believes that the Jena Six have received preferential treatment from the town of Jena. Jena attempted to require Nationalist Movement to comply with Town of Jena Ordinance #146 and the "Permit Application for Procession, March, Parade or Demonstration," which prohibited bearing firearms.[1] Refusing to comply, Nationalist Movement brought this suit for injunctive, declaratory, and other relief for alleged violations of its First, Second, and Fourteenth Amendment rights. The allegations in the complaint are limited to the unconstitutionality of the ordinance and the permit application and do not allege any specific incidents of wrongdoing by Jena officials.

At pretrial conferences, Nationalist Movement and Jena negotiated a consent order nullifying the ordinance and permit application requirement and awarding Nationalist Movement nominal damages and attorney's fees. After verifying that the parties had agreed to the order and that no issues remained

---

[1] The permit application included the following condition for consideration:

I have been provided a copy of the Town of Jena's ordinance number 146 (section 130) regarding processions, marches, parades and demonstrations, have read the ordinance and understand that I will be liable for all damage to property or persons which may arise out of or in connection with the aforementioned event. The carrying of firearms is prohibited during permitted marches.

between them, the district court issued the order as a "Consent Order and Final Judgment."[2] Three days later, the district court issued a statement titled "Reasons for Consent Order and Final Judgment" (the "Reasons") clarifying that:

> [N]othing in this judgment shall be deemed to recognize any request by plaintiff or any demonstration or parade participant to carry weapons of any kind. Likewise, neither does the judgment affect the police power of the town of Jena and State of Louisiana, which includes the right and duty to protect and promote the public safety.

The Reasons also clarified that since all issues were resolved by the consent judgment, Nationalist Movement's firearms claim was mooted and dismissed by the terms of the judgment.

Subsequently, Nationalist Movement moved to strike Reasons as an unconstitutional advisory opinion. The district court denied this motion. Nationalist Movement also moved the court to reconsider the Reasons based on the allegation that two individuals, David Dupre and David Dupre, Jr., were prohibited from bearing firearms at the parade, and also moved for leave to submit the Dupres' affidavits. The district court denied both motions based on

---

[2] The consent judgment mandated the following:

1. Ordinance # 146, of the Town of Jena will be forthwith repealed as violative of the First and Fourteenth Amendments as written.

2. The "Permit Application for Procession, March, Parade or Demonstration Permit Application," pursuant to said ordinance, is withdrawn, as unenforceable and violative of the First and Fourteenth Amendments as written.

3. Defendant will not interfere with Plaintiff's exercise of its First Amendment rights on January 21, 2008, in the Town of Jena.

4. Plaintiff, The Nationalist Movement, is the prevailing party in this litigation.

5. Defendants will pay attorney fees and costs of this litigation to Plaintiff as provided by law and as decided by the Court. Plaintiff will submit its request therefor to the Court and Defendants will respond.

6. There are no further issues between the parties. The Plaintiff is awarded $1.00 (one dollar) in nominal damages. Neither party shall receive any other damages or injunctive relief.

the fact that the Dupres were not members of Nationalist Movement and thus were not parties to the litigation or affected by the consent judgment. Next, Nationalist Movement filed a second motion to reconsider, seeking to have the consent order vacated or amended for the same reasons as the earlier motions. The district court denied this motion as an attempt to rehash previously resolved issues and to create a new case post-judgment. The district court also partially denied Nationalist Movement's motion to extend its attorney's *pro hac vice* admission. Specifically, the district court limited the attorney's continued admission *pro hac vice* to attorney's fee issues only and reaffirmed that the sole issue remaining in the litigation was attorney's fees. This appeal followed.

II

A

Nationalist Movement does not allege error in the consent judgment itself, having conceded that it agreed to the consent judgment and verified to the district court that the consent judgment resolved all issues in the litigation. Instead, Nationalist Movement alleges that the district court abused its discretion when it issued the Reasons because the Reasons altered the consent judgment.[3] Nationalist Movement characterizes the Reasons as an "ex parte attempt to amend the order" resulting in a post-judgment modification, which it claims violated its right to due process and became an unconstitutional advisory opinion. Modifications of consent judgments are reviewed for abuse of discretion. *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 858 (5th Cir. 2000).

---

[3] Though a question exists as to whether we have jurisdiction to hear an appeal from a statement of reasons explaining a consent judgment, we need not answer this question here. Because Nationalist Movement argues that the district court improperly amended the consent judgment, our jurisdiction is proper. *See Bayou Fleet, Inc. v. Alexander,* 234 F.3d 852, 858 (5th Cir. 2000) (reviewing a claim that the district improperly amended a consent judgment for abuse of discretion).

Nationalist Movement's argument fails because the district court was within its authority to issue the  reasons and because the reasons did not alter the mutually agreed-upon consent order.  We have held that:

> Because a consent judgment has a continuing [e]ffect on the rights of litigants, courts are required to ascertain whether the parties['] agreement represents a reasonable factual and legal determination based on the facts of the record[.]  A consent decree must arise from the pleaded case and further the objectives of the law upon which the complaint is based.  When litigants reach a settlement that also [a]ffects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed.

*Id*. (internal citations and quotation marks omitted).    Accordingly, district courts have a duty to ensure that a consent judgment is a reasonable determination based on the record, arises from the pleaded case, and furthers the objectives of the law upon which the complaint is based.

Here, the district court explained that it issued the reasons to clarify the fact that all issues between the parties were resolved and to explain how the consent judgment dovetailed with the firearms claim raised in the complaint. Although the district court received assurances from both sides that the consent judgment disposed of all issues,  the district court was concerned that the consent judgment might be unclear since it did not mention the Second Amendment claim despite the fact that this claim had been a major part of the parties' dispute.  Accordingly, the purpose of the stated reasons was to "explain the seeming inconsistency regarding the Second Amendment issues raised by the plaintiff throughout the contested course of this litigation and the consent judgment's total silence on those issues." The reasons were necessary, according to the district court,  to clarify how the consent judgment arose from the pleaded case and furthered the objectives of the various laws that Nationalist Movement cited in its complaint.

5

Moreover, it is clear that the stated reasons did not alter the consent judgment. The consent judgment repealed Ordinance #146 as violative of the First and Fourteenth Amendments, withdrew the "Permit Application for Procession, March, Parade or Demonstration" as unenforceable and violative of the First and Fourteenth Amendments, and promised that Jena would not interfere with Nationalist Movement's exercise of its First Amendment rights on January 21, 2008 (the date of the parade). The district court's explanation that the consent judgment did not directly address the Second Amendment claim was simply a true statement regarding what was not in the judgment—it did not purport to add to, subtract from, or alter the judgment in any way. Nationalist Movement cannot claim error in the district court's dismissal of their firearms claim since they verified, as is required to obtain a consent judgment, that all issues were resolved by the order. Finally, the district court's statement that nothing in the judgment recognized any rights to bear arms at the parade or interfered with Jena's police powers also merely clarified a fact apparent from the consent order itself, which is silent as to these issues. We therefore find no abuse of discretion in the district court's stated reasons for the consent judgment.

B

Nationalist Movement's remaining claims allege error in the district court's denials of its motions to reconsider, motion for leave to file affidavits, and motion to extend its attorney's *pro hac vice* admission. Nationalist Movement filed the two motions for reconsideration and a motion for leave to file affidavits in an effort to litigate its allegation that "Defendants prohibited two would-be paraders, David Dupre and David Dupre, Jr., from bearing firearms, therein, namely a rifle and a shotgun, or from even removing the same from their vehicle." This allegation was not in the pleadings and was not addressed in any way in the consent judgment. The district court denied these motions because

the Dupres were not members of Nationalist Movement and accordingly were not covered by the consent judgment.

We review a district court's denial of a FED. R. CIV. P. 59(e) motion for abuse of discretion. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Motions for reconsideration are made pursuant to Rule 59(e), which allows a motion to alter or amend a judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). The district court has considerable discretion when deciding a Rule 59(e) motion, and the narrow purpose of a motion for reconsideration is to allow a party to correct manifest errors of law or fact or present newly discovered evidence. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party. *See id*. at 473-74.

Here, the problem is not merely that the materials advanced in the motions for reconsideration could or should have been brought earlier—the problem is that the issues raised are not properly connected to the underlying proceedings. All of the claims raised in the motions for reconsideration amount to entirely new allegations that are outside the scope of the pleadings and beyond the reach of the consent judgment. As indicated in the evidence proffered by Nationalist Movement to support its allegations, the Dupres were not members of Nationalist Movement. Therefore, they were not covered by the consent judgment's mandate that "Defendant will not interfere with Plaintiff's exercise of its First Amendment rights on January 21, 2008." The pleadings did not allege any acts of wrongdoing by Jena officials, so even if the Dupres were members of Nationalist Movement this alleged conduct would simply not fall under the pleaded facts of the complaint. Moreover, the consent judgment on its face is Second Amendment neutral. While it repeals the permit application requirement including the prohibition of firearms, the consent judgment makes

absolutely no statement regarding an individual's right to bear arms at parades in Jena. Accordingly, the district court did not abuse its discretion in denying the motions to reconsider because the facts alleged involve non-parties and are outside the scope of the pleadings.

Furthermore, Nationalist Movement has failed to allege an error in the district court's partial denial of Nationalist Movement's motion to extend its attorney's *pro hac vice* admission. In partially denying the motion, the district court limited the extension only to the attorney's ongoing claim for attorney's fees. Notably, this ruling was made in May 2008—three months after the district court had denied the second motion for reconsideration and affirmed that "ALL matters in this case less and except for the claim for attorney's fees and costs . . . are concluded." Since there are no ongoing matters in the district court except for attorney's fees, the district court did not err in limiting the attorney's *pro hac vice* admission to this issue.

## III

For the foregoing reasons, we AFFIRM.

8