**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**HI–LINE ELECTRIC COMPANY, Defendant.**

**Case No. 3:09–cv–1848–F.**

United States District Court, N.D. Texas, Dallas Division.

Aug. 18, 2011.

Suzanne M. Anderson, Devika Seth, Robert A. Canino, Jr., Toby W. Costas, Equal Employment Opportunity Commission, Dallas, TX, for Plaintiff.

Robert H. Walker, Walter D. Willson, Wells Marble & Hurst PLLC, Ridgeland, MS, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

ROYAL FURGESON, Senior District Judge.

BEFORE THE COURT is a Motion for Reconsideration filed on May 30, 2011 by

Plaintiff Equal Employment Opportunity Commission ("the EEOC") (Docket No. 53). In its Motion, the EEOC asks the Court to reconsider its Order Granting in Part and Denying Without Prejudice in Part Defendant's Motion to Dismiss, filed May 9, 2011 (Docket No. 50). Defendant Hi–Line Electric Company ("Hi–Line") filed a Response on June 30, 2011 (Docket No. 56). A hearing was held regarding this Motion on August 12, 2011.[1] After considering the arguments and briefs of the parties, it is the opinion of the Court that the Motion for Reconsideration should be GRANTED.[2]

## I. Factual and Procedural Background

The EEOC filed its Complaint against Hi–Line on September 30, 2009. The EEOC alleged that since September 2004, Hi–Line violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), in its recruitment and hiring policies. The EEOC alleged that the policies had the effect of excluding applicants over the age of 50 years from the position of Territory Manager. The EEOC requested relief including a permanent injunction regarding the alleged conduct, payment of back wages and other damages, and an order requiring the institution of policies, programs and practices to provide equal employment opportunities for applicants over the age of 50 years. In its original pleadings, the EEOC described the "Hi–Line Box," which provided criteria for Hi–Line to make hiring decisions, and alleged that this system acted to discriminate against older applicants. However, the EEOC did not name any individuals who were affected by the alleged discrimination, nor did it provide any details about the filing of a charge of discrimination with

the EEOC or the following of any of the procedures laid out by the ADEA for individual claimants. The EEOC filed an Amended Complaint on February 25, 2010 (Docket No. 21), and again did not include any information regarding any individuals on whose behalf it sought to recover.

On October 22, 2010, Hi–Line moved to dismiss all of the EEOC's claims for monetary relief on the grounds that the EEOC had not named any individual on whose behalf it intended to recover. *See* Mot. to Dismiss, Docket No. 27. The Court denied this motion without prejudice and allowed the EEOC to amend its pleadings in accordance with the Court's Order of December 28, 2010 (Docket No. 33), which required the EEOC to name those individuals on whose behalf it sought to recover. The EEOC filed an Amended Complaint on January 25, 2011 (Docket No. 36), in which it listed eighteen individuals who were allegedly denied hiring opportunities because of their age. The EEOC did not, however, add these eighteen individuals as parties to this action, and provided no details regarding what happened to these individuals, when the alleged discrimination took place, whether they ever filed a charge of discrimination with the EEOC, or any other facts. Hi–Line later produced information indicating that the alleged failures to hire took place mostly in 2006 and 2007, with two taking place between 2003 and 2005.

Hi–Line subsequently filed a second Motion to Dismiss on March 29, 2011 (Docket No. 44), arguing that Plaintiff had failed to address the Court's concerns in its prior Order and that because these individuals were not named plaintiffs, the EEOC lacked standing to obtain monetary relief on their behalf. Hi–Line asked the Court

---

1. The transcript of this hearing is can be found at Docket No. 61.

2. This resolves Docket No. 53.

to limit the scope of relief available to the EEOC to injunctive relief, and dismiss the EEOC's claims that seek monetary relief. Hi–Line also argued that the Court should dismiss claims for individual relief on behalf of the 18 individuals named in the Second Amended Complaint because these individuals were not named in the pleadings until at least four years after the alleged discrimination occurred, and therefore these claims were untimely. The Court granted Hi–Line's Motion in part on May 9, 2011 (Docket No. 50), agreeing with Hi–Line's argument that 29 U.S.C. § 216(c) required that the parties be named as plaintiffs in the pleadings in a timely fashion, and that the EEOC was required to name the eighteen individuals it purported to represent as party plaintiffs in order to recover monetary relief on their behalf under 29 U.S.C. § 216(c), which was incorporated into the ADEA. However, the Court also held that the EEOC could recover some monetary relief, namely back pay, under Section 217 without naming these individuals in the pleadings so long as those claims were timely when the EEOC's original Complaint was filed. The Court gave the EEOC until May 30, 2011 to amend its pleadings yet again to provide additional allegations of fact that would demonstrate the timeliness of the claims.

On May 30, 2011, rather than amending its pleadings, the EEOC filed the instant Motion. In its Motion, the EEOC asks the Court to reconsider its Order of May 9, 2011 to the extent that it barred the EEOC from recovering monetary relief on behalf of the eighteen individuals listed in the Complaint under 29 U.S.C. § 216(c). The EEOC contends that the Court erred in construing 29 U.S.C. § 216(c) and Fifth Circuit precedent as requiring name the eighteen listed individuals as named plaintiffs or party plaintiffs in order to recover on their behalf.

## II. Analysis

As an initial matter, Hi–Line raises a procedural objection to the EEOC's Motion for Reconsideration. Hi–Line argues that the EEOC's Motion for Reconsideration is untimely because its Motion challenges the validity of the Court's initial Order of December 28, 2010, not its more recent Order of May 9, 2011. The Court disagrees with this assertion. The EEOC is challenging the provisions of the Court's May 9, 2011 Order that bar it from asserting claims for monetary relief on behalf of the eighteen individuals listed in the Second Amended Complaint. Nothing in the Court's December 28, 2010 Order barred such relief; instead, it authorized the EEOC to amend its pleadings to list the allegedly aggrieved individuals if it wished to recover on their behalf. The Court's May 9, 2011 Order had the additional effect of barring monetary damages after the EEOC had listed the names of the allegedly aggrieved individuals, and the EEOC's Motion for Reconsideration challenges that provision of the Order. Accordingly, this Motion is timely, and the Court rejects this procedural argument.

 The Court also rejects Hi–Line's contention that these arguments are barred because they were raised by the EEOC in regard to a prior Motion to Dismiss that was ruled upon on December 28, 2010. Hi–Line claims that the arguments raised by the EEOC are simply rehashes of their previous arguments concerning the naming of aggrieved individuals in its pleadings, and the Court should not permit those arguments to be relitigated. Hi–Line is correct that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004). However, the EEOC raises arguments

that specifically relate to provisions of the Court's May 9, 2011 Order and that Order's impact on this litigation, and the Court considers it appropriate to consider these arguments at this time. Such a course of action is well within the Court's "considerable discretion" in making a decision on a motion for reconsideration. *Nationalist Movement v. Town of Jena*, 321 Fed.Appx. 359, 364 (5th Cir.2009).

▆▆▆ Having determined that the instant Motion is timely and may be raised, the Court now moves to the substance of the Motion. Hi–Line argues that the EEOC's Motion for Reconsideration should be denied because it does not implicate the requirements for a Motion for Reconsideration that have been articulated by courts in this Circuit. While the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration in the context of an order on a motion to dismiss, courts generally assess whether a motion for reconsideration is proper based upon any one of the grounds stemming from Rule 59(e), which governs motions to alter or amend judgments. *See Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir.1984) ("A 'motion for reconsideration' is treated as a motion to amend or alter the judgment."). Accordingly, the grounds for granting a motion for reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). Similar to proper Rule 59(e) motions raised after the entry of judgment, a motion for reconsideration "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

It is clear to the Court that the first two grounds for granting a motion for reconsideration are not present. There has been no intervening change in controlling law, and the EEOC does not provide new evidence that was not previously available to the parties and the Court. Accordingly, to grant the motion for reconsideration, there must be a need to correct a clear error of law or prevent manifest injustice. The EEOC argues that the Court erred in ruling in its Order of May 9, 2011 that the EEOC could not seek monetary damages on behalf of the eighteen individuals listed in the Second Amended Complaint because the EEOC had not added these individuals to this action as "parties plaintiff." Hi–Line argues that the Court's Order of May 9, 2011 accurately interprets the ADEA's incorporation of procedural provisions of the Fair Labor Standards Act and Fifth Circuit precedent in holding that the EEOC is barred from asserting claims for monetary relief on behalf of individuals listed in the Second Amended Complaint but not named as "parties plaintiff" and whom the EEOC failed to name in the Complaint in a timely fashion.

As an initial matter, the Court agrees with various courts throughout the country that have determined that the statutes of limitations found in 29 U.S.C. § 255, which applies to actions brought under the Fair Labor Standards Act, no longer applies to ADEA actions brought by the EEOC. *E.g. E.E.O.C. v. Venator*, No. 99 CIV. 4758(AGS), 2002 WL 181709, at *2 (S.D.N.Y. Feb. 5, 2002); *E.E.O.C v. AT & T Co.*, 36 F.Supp.2d 994, 996–97 (S.D.Ohio 1998). The EEOC can therefore bring an action without being burdened by the statute of limitations. However, just because the EEOC can bring an action whenever it pleases does not necessarily mean it can recover on behalf of individuals it purports to seek recovery for if those individuals' claims would otherwise be time-barred.

There are two main issues that the Court must address: (1) whether the

EEOC can obtain monetary relief on behalf of individuals who are not named as "parties plaintiff" under 29 U.S.C. § 216(c); and (2) whether the EEOC can bring claims on behalf of individuals under 29 U.S.C. § 216(c) whose claims would otherwise be untimely were they to be brought by the individuals themselves. The Court shall address each of these issues in turn.

### A. Naming Individuals as "Parties Plaintiff"

■ It is undisputed that the EEOC has the right to bring actions for monetary relief on behalf of individuals for violations of the ADEA. *See, e.g., E.E.O.C. v. Bd. of Regents of the Univ. of Wisc. Sys.*, 288 F.3d 296, 298–99 (7th Cir.2002); *Luna v. USAA Cas. Ins. Co.*, No. SA–05–CV–0501 OG, 2006 WL 3041472, at *7 (W.D.Tex. Oct. 25, 2006) (Nowak, J.). In its Order of May 9, 2011, the Court dismissed the EEOC's claims for individual relief under Section 216(c) because the individuals on whose behalf the EEOC sought to recover were not named as plaintiffs to this action, but allowed the EEOC to continue to pursue claims under Section 217, which, unlike Section 216(c), does not require the naming of the individuals as parties plaintiff. The EEOC argues that it can obtain relief on behalf of individuals without naming them as plaintiffs, while Hi–Line contends that the EEOC must name these individuals as plaintiffs to obtain relief for them under Section 216(c).

The relevant provision of the ADEA under which the EEOC brings this action, 29 U.S.C. § 626, specifically incorporates the procedural requirements of the FLSA found at 29 U.S.C. § 216. Section 216(c) provides,

> The Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages.... In determining when an action is commenced by the Secretary of Labor under this subsection for the purposes of the statutes of limitations provided in section 255(a) of this title, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action.

29 U.S.C. § 216(c).

Section 217 provides,

> The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

29 U.S.C. § 217.

Section 216(c), which requires the naming of individuals as "parties plaintiff," thus allows for the recovery of "unpaid minimum wages or overtime compensation and an equal amount as liquidated damages," while Section 217, which does not have any requirement for naming individuals as parties, allows only for the recovery of back pay and injunctive relief. *See Ford v. Troyer*, 156 F.3d 181, 1998 WL 546424, at *1 (5th Cir.1998) (noting that the EEOC "may bring suits for unpaid minimum wages and overtime compensation under [Section 216(c)] and for injunc-

tive relief under [Section 217]" and that "Section 216 allows the [EEOC] to recover back wages and liquidated damages on behalf of employees specifically named in the complaint"). The ADEA explicitly incorporated the "powers, remedies, and procedures" of these provisions. 29 U.S.C. 626(b).

In previous briefings and orders, much of the debate between the parties was over the language of the Fifth Circuit's decision in *Donovan v. University of Texas at El Paso*, 643 F.2d 1201 (5th Cir.1981). In *Donovan*, the Secretary of Labor brought a suit under the Fair Labor Standards Act against the University of Texas at El Paso for the unpaid wages of a number of women working at the University, eventually furnishing a list of 43 individuals whom were alleged to have been less than their male counterparts. *Id.* at 1202. In regard to the relevant provisions of the Fair Labor Standards Act, the Fifth Circuit wrote,

> Section [2]16(c) authorizes the Secretary to recover back wages as well as liquidated damages on behalf of those employees specifically named in a complaint. The filing of such a suit under this section terminates the rights of any employees to become party plaintiffs pursuant to a § [2]16(b) action. Section [2]17, on the other hand, allows the Secretary through the Courts to seek broad injunctive relief as well as back wages for all affected employees without any requirement that they be specifically named in the complaint.

*Id.* at 1204 (footnotes omitted). This Court, relying upon this language, thus held in its May 9, 2011 Order that for the EEOC to recover wages and compensation on behalf of particular employees under Section 216(c), those employees had to be named by the EEOC in its pleadings. Order, Docket No. 50, at 7–8.

In the wake of the December 28, 2010 Order, the EEOC corrected this deficiency and named the eighteen individuals on whose behalf it sought relief in its Second Amended Complaint. Hi–Line, however, maintained its objection, and argued that because these eighteen individuals had been added in January of 2011 and the discrimination had taken place in 2006 and 2007, claims for monetary relief on behalf of these individuals were barred. The Court agreed with Hi–Line's argument, and held that the EEOC could not recover "wages and compensation" on behalf of the employees under Section 216(c), but allowed them the opportunity to amend its pleadings to demonstrate that the claims were timely for the purposes of awarding back pay under Section 217. The EEOC subsequently filed the instant Motion, arguing that its listing of the allegedly aggrieved individuals in the Second Amended Complaint was sufficient to recover the relief of unpaid wages and liquidated damages contemplated by Section 216(c) in addition to the back pay and injunctive relief contemplated by Section 217.

■ After considering the arguments of both parties, the Court is of the opinion that the EEOC has correctly argued that its listing of the individuals in the Second Amended Complaint is sufficient to recover damages on their behalf under Section 216(c). While *Donovan* certainly bears on the Court's considerations, the Fifth Circuit's decision in *E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188 (5th Cir.1984), also provides the Court with guidance in this situation. In *Hernando*, the district court held that the EEOC's Equal Pay Act claims, which were brought under 29 U.S.C. § 216(c), on behalf of three female employees were barred by the statute of limitations when the three individuals were listed in the complaint but the EEOC did not "specifically name the three as plain-

tiffs before the expiration of the . . . limitation period." *Id.* at 1193. The Fifth Circuit reversed, writing,

> [C]ourts have considered the "named as party plaintiff" requirement of 29 U.S.C. § 256, a statute very similar to § 216(c), have required merely that the employee be identified in the complaint or in a pleading equivalent to it. . . . The EEOC's naming of the three women in the prayer of its complaint satisfies this test. . . . Therefore, the statute of limitations does not bar the EEOC's claims under § 216(c).

*Id.* (citations omitted). *Hernando* thus holds that mere naming of the individuals in a complaint is sufficient to meet the "named as party plaintiff" requirement of 29 U.S.C. § 216(c).

The EEOC has clearly met the requirement prescribed by *Hernando* in its Second Amended Complaint by naming the eighteen allegedly aggrieved individuals. As the Fifth Circuit noted in *Ford v. Troyer,* 1998 WL 546424, Section 216 permits the EEOC to recover back wages and liquidated damages on behalf of employees *"specifically named in the complaint." Id.* at *1 (emphasis added). The EEOC has specifically named eighteen individuals in the Second Amended Complaint, and the Court is of the opinion that such pleading satisfies the standards under *Ford, Hernando,* and the relevant statutory provisions. Accordingly, the Court holds that, for the purposes of the EEOC's Section 216(c) claims on behalf of the eighteen allegedly aggrieved individuals, the EEOC may bring these claims on their behalf by listing them in its pleadings, as they have done in this case.

### B. Application of Statute of Limitations to the EEOC's Claims for Individual Relief

The more pertinent question is whether the EEOC can assert the claims of these eighteen individuals for the monetary relief contemplated by Section 216(c) and Section 217 based upon the information that it has provided to the Court and the timing of the naming of those individuals in the Second Amended Complaint. At this stage, the EEOC has provided in its pleadings the names of these individuals and that the discrimination took place since 2004. Hi–Line, by its own investigation, has determined that the alleged acts of discrimination could only have taken place between 2003, when one of the named individuals first applied for a position, and July 2007, when the last of one of the named individuals was denied a position. Hi–Line thus argues that the claims brought by the EEOC on the individuals' behalf are untimely because the EEOC did not bring suit and name these individuals while these claims would have been timely.

■■■ To properly file a claim of employment discrimination under the ADEA, an individual plaintiff must follow the procedures established by the Civil Rights Act of 1991. The statute requires a plaintiff to file suit within 90 days of the EEOC's providing of notice to the plaintiff of the dismissal of the charge filed with the EEOC or that the charge was otherwise terminated by the EEOC. 29 U.S.C. § 626(e). However, the Court must take different considerations into account when, as in this case, the EEOC elects to bring claims against an employer in its own name. The EEOC plays a unique role in the litigation of discrimination claims, in which it both asserts claims on behalf of individuals and litigates in the public interest. *See E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 291–92, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). The EEOC's ability to bring suit and seek relief is not dependent upon the filing of a charge by an individual with the EEOC. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 28,

111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) ("[T]he EEOC's role in combating age discrimination is not dependent on the filing of a charge...."); *E.E.O.C. v. Indep. Sch. Dist. No. 834*, 430 F.Supp.2d 901, 905 (D.Minn.2006). The EEOC does not just litigate on behalf of individuals; indeed, when it chooses to file suit, it does so for the benefit of the public's interest in combating discrimination. As recognized by the Supreme Court and the Fifth Circuit, the EEOC plays an independent public interest role that allows it to seek relief on behalf of individuals who were allegedly discriminated against, even if that relief would otherwise be barred if those claims were brought by the allegedly aggrieved individuals. *E.E.O.C. v. Bd. of Sup'rs for Univ. of La. Sys.*, 559 F.3d 270, 273 (5th Cir.2009) (citing *Waffle House*, 534 U.S. at 291–92, 122 S.Ct. 754); *see also Occidental Life Ins. Co. of Cal. v. E.E.O.C.*, 432 U.S. 355, 367–71, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (determining that the EEOC was not barred from bringing claims for individual recovery for violations of Title VII by a one-year statute of limitations established by the state of California).

◼ In *Waffle House*, the Supreme Court determined that the EEOC, in light of its specific "statutory function," could bring claims in federal court on behalf of an employee whose claims otherwise would have been barred because that employee's claims would be forced into arbitration due to a mandatory arbitration agreement. *Waffle House*, 534 U.S. at 296, 122 S.Ct. 754. The EEOC thus has the ability to pursue litigation and obtain recoveries that an individual would otherwise be unable to do. *See, e.g., E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 466 (6th Cir.1999) (allowing a suit by the EEOC to proceed with claims on an individual's behalf despite the individual having signed an arbitration agreement).

◼ In this case, the question before the Court is whether the EEOC can pursue claims for monetary relief on behalf of individuals even though the EEOC has provided no information that would indicate that those claims are timely. There is limited case law on this subject within the Fifth Circuit, particularly after the passage of the Civil Rights Act of 1991. However, while the Fifth Circuit has not directly ruled on the issue of whether the EEOC can pursue monetary relief for individuals whose ADEA claims would otherwise be time-barred, in their briefs and at oral argument, both parties discussed Judge Justice's decision in *McConnell v. Thomson Newspapers, Inc.*, 802 F.Supp. 1484 (E.D.Tex.1992). In *McConnell*, Judge Justice held that the statute of limitations in the ADEA "should be read to link the timeliness of EEOC civil suits to notice of the end of voluntary compliance measures." *Id.* at 1500. Judge Justice therefore held that the EEOC is bound by the 90–day statute of limitations for individual claims established by the Civil Rights Act of 1991. *Id.* However, other courts have directly rejected the conclusion of *McConnell*, and have held that the EEOC is not bound by the ADEA's statute of limitations when it brings claims against employers in its own name. *See E.E.O.C v. Timeless Invs., Inc.*, 734 F.Supp.2d 1035, 1047 (E.D.Cal.2010) (noting that *"McConnell* appears to be in a distinct minority" and agreeing with the majority of courts that "find that the § 626(e) limitations period does not apply to lawsuits filed by the EEOC"); *Venator*, 2002 WL 181709, at *2; *E.E.O.C. v. AT & T Co.*, 36 F.Supp.2d 994, 996 (S.D.Ohio 1998) (declining to follow *McConnell* and holding that the EEOC was not bound by the statute of limitations that applied to private litigants); *Wilkerson v. Martin Marietta Corp.*, 875 F.Supp. 1456, 1459–60 (D.Colo.1995) (explicitly dis-

agreeing with *McConnell* and determining that "Congress intended there be no statute of limitations where the EEOC files suit under the ADEA").

Other decisions have also come to the opposite conclusion of *McConnell.* The decision that is perhaps most applicable to this case is *E.E.O.C. v. Sidley Austin LLP,* 437 F.3d 695 (7th Cir.2006), in which the Seventh Circuit was faced with the question of "whether the [district court] judge was correct to rule that the EEOC may obtain monetary relief on behalf of individuals who, having failed to file timely administrative charges under the ADEA, are barred from bringing their own suits." *Id.* at 696. The Seventh Circuit, discussing *Waffle House,* noted that the EEOC was not bound by an individual's arbitration clause "because its enforcement authority is not derivative of the legal rights of individuals even when it is seeking to make them whole." *Id.* Therefore, the Seventh Circuit similarly held that "the [EEOC] is not bound by the failure of the Sidley ex-partners to exhaust their remedies; the [EEOC] had no duty to exhaust." *Id.* The district court made clear that the unique role of the EEOC was key to its decision, writing that "the EEOC's right to bring suit seeking individual monetary relief goes beyond that of the individual and reaches the territory of public interest, thereby allowing the EEOC to seek relief for individuals, such as the affected Sidley partners in this case, who could not, for a variety of reasons, do so themselves." *E.E.O.C. v. Sidley Austin Brown & Wood LLP,* 406 F.Supp.2d 991, 994 (N.D.Ill. 2005).

■■■ *Sidley* thus holds that the EEOC, in its unique role, can bring claims that would otherwise be time-barred if brought by the individuals for whom they seek a monetary recovery. Having reviewed this authority and other applicable cases, the Court agrees with the Seventh Circuit and other courts that have determined that the ADEA's statute of limitations does not apply to claims for individual monetary relief brought by the EEOC. *See E.E.O.C. v. Inc. Vill. of Valley Stream,* 535 F.Supp.2d 323, 326–27 (E.D.N.Y.2008) (distinguishing EEOC action from private action and determining that the EEOC was not barred from recovering on behalf of individuals whose claims would otherwise have been untimely); *Indep. Sch. Dist. No. 834,* 430 F.Supp.2d at 905 (rejecting argument that the EEOC could not bring an ADEA action seeking individual relief because the allegedly aggrieved individuals were time-barred from bringing their claims); *AT & T Co.,* 38 F.Supp.2d at 995–97 (determining that the ADEA imposed no statute of limitations upon the EEOC in bringing claims on behalf of individuals) (citing *Occidental Life Ins. Co. of Cal. v. E.E.O.C.,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977)); *E.E.O.C. v. Sara Lee Corp.,* 923 F.Supp. 994, 999 (W.D.Mich.1995) (holding that the EEOC is not bound by a statute of limitations in bringing claims for individual monetary relief under the ADEA); *Wilkerson,* 875 F.Supp. at 1459–60 (in action seeking relief under Section 626(e) of the ADEA, holding that "there is no applicable statute of limitations in age discrimination claims brought by the EEOC" on behalf of a class of persons).

Those courts that have ruled that no statute of limitations applies to the EEOC when it raises claims for individual monetary relief under the ADEA have widely noted that the Civil Rights Act of 1991 deleted the reference within the ADEA in 29 U.S.C. § 626 to the two-year and three-year statutes of limitation found in 29 U.S.C. § 255. *See Littell v. Aid Ass'n for Lutherans,* 62 F.3d 257, 259 (8th Cir.1995); Valley Stream, 535 F.Supp.2d at 325–26; *Indep. Sch. Dist. No. 834,* 430 F.Supp.2d at 905. The Court agrees with those deci-

sions that this action by Congress is indicative of Congress's intent for the EEOC not to be bound by the statute of limitations that applies to private litigants. The Court also notes that "[a] long line of case authority stands for the proposition that, unless otherwise expressed by Congress, the sovereign government is not restricted by a statute of limitations." *E.E.O.C. v. AT & T Co.*, 36 F.Supp.2d 994, 996 (S.D.Ohio 1998) (citing *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Des Moines Navigation & R. Co.*, 142 U.S. 510, 12 S.Ct. 308, 35 L.Ed. 1099 (1892)). This long-established principle supports the Court's conclusion that, absent direct instructions from Congress within the ADEA, the EEOC should not be subject to the statute of limitations that would affect private litigants' claims under the ADEA.

In addition, applying the statute of limitations applicable to private litigants would create a situation where determination of the timeliness of complaints would create an "anomalous" structure for claims brought by the EEOC. As the Court in *AT & T Co.*, recognized,

> If this Court adopted [the] position that the EEOC must file within 90 days that it issues notice, ... [t]he EEOC itself could control the operation of the statute of limitations by withholding the notice. This Court can think of no other statute of limitations which accords to a putative plaintiff the right to control the operative event triggering a running of the statute. Nothing in the ADEA remotely indicates that Congress intended to create a statute of limitations which the EEOC could unilaterally control.

*AT & T Co.*, 36 F.Supp.2d at 997. The Court finds this reasoning applicable to the situation faced by the Court, and is of the opinion that it supports its determination that the statute of limitations does not apply to claims brought by the EEOC.

Accordingly, the Court is of the opinion that the EEOC should be permitted to bring claims for the relief contemplated by Section 216(c) on behalf of the eighteen individuals named in the Second Amended Complaint, despite the fact that these individuals would not be able to bring claims as private litigants due to the statute of limitations in the ADEA, because the statute of limitations does not apply to the EEOC when it brings such claims.

### C. Sufficiency of Pleading

Hi–Line also argues that the Court should not reconsider its previous order dismissing the EEOC's claims for individual relief because the EEOC has failed to provide the factual details necessary under the pleading standards of Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Hi–Line, however, particularly stresses that the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), compel the EEOC to plead more factual details regarding the individuals for whom the EEOC seeks to recover individual monetary relief.

At this stage of the litigation, it is clear that Hi–Line is aware of the eighteen individuals on whose behalf the EEOC seeks relief, and knows of the approximate dates and times at which these individuals applied for the positions at issue and were rejected for those positions. Furthermore, the parties provided to the Court that each of these eighteen individuals will be made available for interrogatories or depositions as this case continues to proceed through discovery. The EEOC has described in detail the employment system utilized by Hi–Line and how that system is potentially

**310**

discriminatory, and has now provided the information regarding those individuals who may have been discriminated against because of their age by the use of that system. The Court is of the opinion that such allegations are "enough facts to state a claim to relief that is plausible on its face," *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, as the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Accordingly, the Court shall not decline to reconsider its previous Order on the grounds that the pleading is insufficient under *Twombly* and *Iqbal.*

### Conclusion

After careful consideration of the issue, it is the opinion of the Court that the EEOC may bring claims for individual relief under the ADEA even though the individuals were not named as "parties plaintiff" and could not bring such claims themselves at the time they were added to the pleadings due to untimeliness. Furthermore, the Court is of the opinion that the EEOC's claims for individual relief are adequately pled and unaffected by the statute of limitations that would otherwise affect private litigants. Accordingly, the Motion for Reconsideration is hereby GRANTED. The provisions of the Court's Order of May 9, 2011 that dismiss the EEOC's claims for individual relief under Section 216(c) are hereby VACATED. It is ORDERED that the EEOC shall be permitted to pursue claims for all individual monetary relief contemplated by the ADEA and its incorporation of Sections 216(c) and 217 on behalf of the eighteen individuals listed in the Second Amended Complaint.

IT IS SO ORDERED.